

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2005

# Keller v. Fortis Benefits Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4214

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Keller v. Fortis Benefits Ins" (2005). *2005 Decisions*. Paper 1144.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1144

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.: 03-4214

AMY S. KELLER

v.

FORTIS BENEFITS INSURANCE COMPANY
METROPLEX CORPORATION LIFE INSURANCE PLAN

Fortis Benefits Insurance Company,
Appellant

No.:03-4313

AMY S. KELLER,
Appellant

v.

FORTIS BENEFITS INSURANCE COMPANY
METROPLEX CORPORATION LIFE INSURANCE PLAN

Appeal from United States District Court for the
Western District of Pennsylvania
(D.C. 00-cv-2368)
Honorable Robert J. Cindrich

Argued: January 20, 2005

Before: ALITO, McKEE and SMITH, <u>Circuit Judges</u>

(Opinion Filed May 24, 2005)

<u>Counsel for Appellant/Cross Appellee</u>
Joshua Bachrach
Rawle & Henderson
One South Penn Square
The Widener Building
Philadelphia, PA 19107

<u>Counsel for Appellee/Cross Appellant</u>
Kathleen Smith-Delach
Phillips & Faldowski
29 East Beau Street
Washington, PA 15301

---

Opinion of the Court

---

McKEE, <u>Circuit Judge</u>.

Fortis Benefits Insurance Company appeals the district court's order granting summary judgment against it and in favor of Amy S. Keller ("Keller") in this action for benefits allegedly due under a group accidental death and dismemberment insurance policy ("AD&D") issued by Fortis. Keller cross-appeals the court's dismissal of her state

2

law claims for bad faith under 42 Pa.C.S. § 8371. For the reasons set forth below, we affirm both orders.[1]

## I.

Inasmuch as we are writing only for the parties who are familiar with this case, we need not set forth the factual or procedural background except insofar as may be helpful. Rather, we will proceed directly to our brief discussion.[2]

Fortis' denial letter stated in part:

> because Mr. Keller was 6'3" tall, there had to have been a precipitating event. There is insufficient evidence supporting loss of consciousness due to blunt head injury; however, there is substantial evidence that the unconsciousness, which led to his drowning, was caused by a seizure. Having suffered a severe head injury in 1991, Keller was at risk for developing seizure disorder.

Since Fortis both administers and funds the plan at issue here, we must first decide the appropriate amount of deference, if any, to afford Fortis' decision to deny coverage. Fortis initially approved coverage and then declined coverage. It relied upon the medical

---

[1] We need not discuss the district court's preemption ruling as the Supreme Court has since decided that bad faith insurance claims under state law are preempted by ERISA, just as the district court ruled. *See Aetna Health, Inc.*, v. *Davila,* 124 S.Ct. 2488 (2004).

[2] Our review of a grant of summary judgment is *de novo*. We apply the same standard that the lower court used. *Smathers v. Multi-Tools, Inc.*, 298 F.3d 191, 194 (3d Cir. 2002). The standard of review when determining whether an insurance company that both funds and administers the plan is a heightened arbitrary and capricious review. *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 378 (3d Cir. 2000). This standard is to applied on a sliding scale, with the level of scrutiny increasing with the level of conflict. *Id.* at 379.

3

expertise of two doctors. One of them could not determine the cause of death and the other ruled it an "accident," but concluded that the death was "most likely" precipitated by a grand mal seizure. However, other evidence suggested the underlying cause of Mr. Keller's drowning could not be conclusively determined. In its denial letter, Fortis credited evidence that was consistent with denying payment without explaining why it was ignoring evidence that supported coverage or undermined its conclusion that Mr. Keller's death was not covered. Accordingly, we believe Fortis' denial decision is entitled to less deference than would otherwise be the case.[3]

**A.**

Fortis first claims that the death was not an accident, and therefore the policy does not even apply. In the alternative, Fortis argues that if the death was an accident, and the policy does apply, then the "disease exclusion" precludes coverage. However, Dr. Smith, the forensic pathologist to whom Fortis referred the file for an expert opinion, determined that Mr. Keller's death was "accidental . . . due to drowning." SA 13. The issue has not been whether the drowning death was "accidental," but whether the precipitating cause was excluded under the policy. Fortis points to its denial letter and relies on the statement that: "there is insufficient evidence supporting loss of consciousness due to blunt head

---

[3] In *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 379 (3d Cir. 2000), we noted that one factor counseling less deference was whether the insurer relied upon evidence that was consistent with its decision to deny coverage while not crediting (without explanation) evidence that would support coverage.

injury." However, that does not explain how Fortis could rely only upon evidence consistent with denying Keller's claim while ignoring evidence that supported coverage. Accordingly, we agree that Fortis abused its discretion in determining that Mr. Keller was not killed by an accident.

**B.**

We must also decide whether Fortis abused its discretion in concluding that Mr. Keller's death fell within the exclusionary language of its policy. The policy provides that no benefit will be paid "if the loss results directly from ... any physical disease." The term "physical disease" is not defined in the policy. Fortis chose to apply that term to a grand mal seizure; a one time event that it could then define as a "disease," thus triggering the exclusion. However, Mr. Keller had no history of seizures following the medical procedure in 1991, and there is no evidence of a latent disease.

The district court explained its rejection of Fortis' attempt to rely on the exclusion as follows:

> The best evidence Fortis can muster is that Keller may have experienced multiple mild seizures and not even known it. Even accepting Dr. Smith's analysis . . . there is absolutely no evidence . . . to conclude that Keller suffered from a seizure physical disease dating from 1991. This was an unusual, sudden and unexpected event. The mere potentiality for a seizure sometime in the future is not a disease.

Memorandum Order, Sept. 23, 2003, p. 8. We agree.

**C.**

5

For the reasons set forth above, we will affirm.